**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

## LETTER OPINION

November 29, 2006

Robert H. Stier, Jr., Esq.
Margaret Minister O'Keefe, Esq.
Pierce Atwood
One Monument Square
Portland, ME 04101

Katie A. Gummer, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Matthew B. Lowrie, Esq.
Robert J. Silverman, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, 11th Floor
Cambridge, MA 02142

Jay Scott MacNeill, Esq.
Post, Polak, Goodsell, MacNeill, & Strauchler, P.A.
425 Eagle Rock Ave., Suite 200
Roseland, NJ 07068

   Re: **Amersham Biosciences Corp., et al. v. PerkinElmer, Inc.**
      **Civil Action No.: 03-4901 (JLL)**

Dear Counsel:

   This matter comes before the Court on the motion of Defendant PerkinElmer for reconsideration of this Court's May 24, 2006 Opinion and Order pursuant to Local Civil Rule 7.1(i). This Court has considered the submissions in support of and in opposition to this motion. This matter is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion for reconsideration is granted, in part, and denied, in part.

## BACKGROUND

   A factual background of this case is set forth in the prior Opinion and Order of this Court dated May 24, 2006 ("May 24 Opinion"), and will not be repeated here.

   The instant motion asks this Court to reconsider its holding in the May 24 Opinion on three grounds: (1) new Federal Circuit decisions, (2) the Court's mis-application of the

1

"means-plus-function" provision to Claim 5 of the '653 Patent, based on omission of relevant claim language and misinterpretation of comments made during prosecution, and (3) in the alternative, Defendant requests that the Court certify these issues for interlocutory appeal.

## LEGAL STANDARD

### A.     Standard for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides, in relevant part:

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L.Civ.R. 7.1(i).  L. Civ. R. 7.1(i).  Prior to reaching the merits of a motion for reconsideration, the court must determine whether the arguments are appropriately raised under the Local Rule.  Holten v. Chevron, U.S.A., 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002).  "The motion may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue."  Id.  (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)).  Relief by way of motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly."  Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Sagaral v. Mountainside Hosp., 2001 U.S. Dist. LEXIS 6872, *3 (D.N.J. Mar. 27, 2001); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion."  Bowers v. N.C.A.A., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998).  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indus., 935 F. Supp. at 516; 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d., § 2810.1 (1995).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Township Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

With this legal framework in mind, the Court will now consider Defendant's motion for reconsideration.

**B.      Entitlement to Reconsideration**

The Court must first determine whether Defendant's arguments are properly raised under Local Civil Rule 7.1(i), thus permitting this Court to reach the merits of the motion for reconsideration.

### 1.      *New Federal Circuit Decisions*[1]

Defendant moves for reconsideration of the term "suitable for imaging said multi-sample plate" on the ground that two recent Federal Circuit opinions, issued after the March 22, 2006 Markman hearing, provide clarification in the area of patent claim construction. These two cases are (1) Inpro II Licensing S.A.R.L. v. T-Mobile USA, Inc., 450 F.3d 1350 (Fed. Cir. 2006) ("Inpro") and (2) On Demand Machine Corp. v. Ingram Indus., Inc., 442 F.3d 1331 (Fed. Cir. 2006) ("On Demand"). Defendant argues that, in light of the these two cases, "claims involving the 'suitable for imaging said multi-sample plate' limitation must forbid the use of dichroic mirrors and must have sample illumination elements inside the lens." (Def. Br. at 2). Based on the reasons set forth below, Defendant's motion for reconsideration must be denied in connection with this issue.

With respect to the Inpro decision, Defendant essentially disagrees with the Court's finding that the invention neither requires nor prohibits either internal illumination or dichroic mirrors. In construing the term "telecentric lens" as requiring neither a dichroic mirror nor internal illumination, the Court relied upon Varco, L.P. v. Pason Sys. USA Corp., 436 F.3d 1368 (Fed. Cir. 2006). Notably, Defendant does not argue that Inpro constitutes a change in controlling law, or that Varco is no longer good law. The Third Circuit has held that reconsideration motions "will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has [e]merged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." Holten, 2002 U.S. Dist. LEXIS 17600, at *7 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Having reviewed the Inpro decision, the Court finds that

---

[1]  Defendant has also submitted a Reply brief alleging that reconsideration is warranted in light of the Federal Circuit's decision in Honeywell Int'l, Inc. v. ITT Indus., Inc., decided by the Federal Circuit on June 22, 2006. 452 F.3d 1312 (Fed. Cir. 2006).

Defense counsel is advised that pursuant to Local Civil Rule 7.1(i), parties are not permitted to file Reply briefs with respect to Motions for Reconsideration, as a matter of right. Nevertheless, the Court has reviewed Defendant's Reply brief only to the extent that it alleges that Honeywell constitutes a change in law. Nevertheless, as with the Inpro decision discussed above, Honeywell does not constitute a change in controlling law. Therefore, Defendant has failed to meet its burden in demonstrating that reconsideration is warranted on this issue.

although it is certainly a "new Federal Circuit" case, it does not constitute a change in controlling law, and thus does not warrant this Court's reconsideration.[2]

With respect to the <u>On Demand</u> decision, the Court specifically considered and addressed this case in its May 24, 2006 Opinion. Although the Court chose to address <u>On Demand</u> in the context of analyzing preambles, Defendant is incorrect in implying that the Court did not consider this case in other contexts, as well, including disavowal of claim scope. The Court specifically considered <u>On Demand</u> in reaching its May 24, 2006 decision, and nevertheless chose not to address it as controlling law for the issue of disavowal of claim scope; therefore, Defendant's argument fails. <u>See</u> <u>Holten</u>, 2002 U.S. Dist. LEXIS 17600, *6 (citing <u>Student Pub. Interest Research Group of N.J. v. Monsanto Co.</u>, 727 F. Supp. 876, 878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989) (stating that a motion for reconsideration "may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.").

### 2. *Application of the "Means-Plus-Function" Provision to Claim 5 of the '653 Patent*

Defendant also moves for reconsideration of the term "telecentric lens means for peering into the well" on the basis that the Court: (a) omitted relevant language from the construction, and (b) misinterpreted the comments made during prosecution when this claim was added to the patent. The relevant claim language is as follows:

> telecentric lens means for peering into the well of said at least one sample in order to improve the collection of light therefrom, the light collected by said telecentric lens means being transmitted therethrough;

### (a)   Omission of Relevant Language

The Court's May 24, 2006 Opinion construed, as a matter of law, that the term "telecentric lens" is a sufficient structure to support the function of "peering into the well," in connection with claim 5 of the '653 patent. In particular, the Court rejected Defendant's argument that the phrase's express statement is in a means-plus-function format, and, as a result, "telecentric lens" should be treated as a limitation to the claim. The Court, in reaching this decision, focused on the issue of whether the word "means" used in the claim language invokes the means-plus-function format 35 U.S.C. § 112 ¶ 6. (May 24 Op. at 16). Ultimately, the Court found that, in this case, it did not.

Defendant now argues that the Court's May 24 Opinion did not address all the functional

---

[2] The Court further notes that Defendant had every opportunity to bring this case to the Court's attention prior to the Court's decision on May 24, 2006. <u>Inpro</u> was decided on May 11, 2006, thereby giving Defendant almost a full two weeks to notify the Court of any purported significant development in caselaw.

language present in the claim limitation.  In particular, Defendant argues that the Court only addressed a "truncated" version of the first part of the limitation – "telecentric lens for peering into the well" – and never addressed the latter part of the phrase which stated "in order to improve the collection of light therefrom."  (Def. Br. at 14).  According to Defendant, when the additional language is considered, it becomes apparent that the telecentric lens, alone, is not capable of achieving the function of "improving the collection of light" and that other unmentioned structures are thus necessary to accomplish this task.  (Def. Br. at 15).  Thus, Defendant argues, that because the claim does not contain sufficient structure to perform the function, the claim limitation should be construed in the means-plus-function format, under 35 U.S.C. § 112 ¶6. (Id.).

In construing the term "telecentric lens" as a sufficient structure to support the function of "peering into the well," the Court's May 24 Opinion did not expressly address whether the term "telecentric lens" is a sufficient structure also for performing the function of "improving the collection of light therefrom."  Therefore, the Court finds that reconsideration on this issue is warranted.

As set forth in the Court's May 24 Opinion, "an element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." 35 U.S.C. § 112 ¶ 6.  Additionally, "whether certain claim language invokes 35 U.S.C. § 112, [¶] 6 is an exercise in claim construction and is therefore a question of law . . . ." Personalized Media Comm'ns, L.L.C. v. ITC, 161 F.3d 696, 702 (Fed. Cir. 1998).

Generally, use of the word "means" invokes a presumption that the patentee invokes the statutory mandate for means-plus-function clause.  Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1302 (Fed. Cir. 1999), cert. denied, 528 U.S. 1115 (2000).  However, even where the claim element specifies a function, § 112, ¶6 does not apply if it also recites sufficient structure or material for performing that function. Id. at 1302.

In its Opening Claim Construction Brief, Defendant provided a proposed construction for certain claim language in claim 1 of the '653.  There, the claim language at issue was:

> a telecentric lens suitable for imaging said multi-well plate positioned to collect light from said plate, the collection of light from said at least one sample being improved owing to the ability of the telecentric lens to peer into the well, the collected light being transmitted through said telecentric lens;

Interestingly, Defendant proposed the following construction of said claim language:

> a telecentric lens that can be used for creating an image of a multi-well plate, and that is positioned so that it can collect light from the

5

> multiple-well plate, *the collection of light from the plate being improved due to the ability of the telecentric lens to eliminate parallax error*;

(Def. Claim Construction Br., App. at 1) (emphasis added).

Additionally, column 12, lines 39-48 of the '653 patent state the following:

> The present lens is telecentric. *A telecentric lens is free of parallax error.* Images of deep, narrow targets, made with standard lenses, exhibit parallax error. Circular targets at the center of the image are seen as true circles. However, the lens peers into lateral targets at an angle. Therefore, these lateral targets are seen as semilunar shapes. In many cases, one cannot see the bottom of a well at all. *A telecentric lens collects parallel rays, over the entire area of a well plate. Thus, it does not peer into any wells at an angle and is free of parallax error.*

'653 patent, col. 12, ln. 39-48 (emphasis added).

Having reviewed the language of the '653 patent, itself, as well as Defendant's proposed construction of similar language contained in claim 1 of the '653 patent, the Court determines that the "telecentric lens" contains sufficient structure to perform the additional function of "improv[ing] the collection of light," based on its ability to eliminate parallax error. Accordingly, the Court rejects Defendant's argument that "telecentric lens" should be construed as a limitation stemming from construing the phrase in a means-plus-function format of 35 U.S.C. § 112, ¶ 6. Therefore, the conclusion reached by the Court in its May 24 Opinion remains unchanged, as the Court hereby construes that the term "telecentric lens" is a sufficient structure to support the function of "peering into the well," *as well as* the function of "improv[ing] the collection of light therefrom." As such, upon reconsideration, the Court affirms its May 24, 2006 Opinion and Order.

**(b)   Misinterpretation of Comments Made During Prosecution**

Defendant also argues that the Court misread the patent attorney's comments regarding the rule set forth in In re Donaldson, which changed the scope of examining means-plus-function language by requiring examiners to regard limitations as structural features as opposed to functional ones. In re Donaldson Co., Inc., 16 F.3d 1189 (Fed. Cir. 1994).   (Def. Br. at 16).

The Court's May 24 Opinion acknowledges that there was a presumption that the claim language at issue invoked the means-plus-function format. (May 24 Op. at 15). However, the Court went on to find that that presumption was overcome based on the second exception set forth in Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1302 (Fed. Cir. 1999), because the claim element does specify a function ("peering into the well"), but in addition, also recites a sufficient

structure for performing that function (the "telecentric lens"). (Id.). In reaching this decision, the Court explained that external illumination was not necessary because illumination can originate from the sample within the well. Therefore, the Court found that the "telecentric lens alone represents sufficient structure." (Id.).

Defendant does not argue that the Court overlooked the In re Donaldson decision. Furthermore, any such argument would fail, in any event, in light of the fact that Defendant specifically brought it to the Court's attention during the Markman hearing. (Transcript (March 22, 2006) at 64:9-12). Instead, the gravamen of Defendant's argument is really a disagreement with the Court's interpretation of the rule set forth in In re Donaldson, and the Court's interpretation of the prosecution history. See, e.g., Holten, 2002 U.S. Dist. LEXIS 17600, at *6 (stating that mere disagreement with the Court's decision is inappropriate on a motion for reargument, and should instead be raised through the normal appellate process); Assisted Living Assoc. v. Mooresetown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998) (denying motion for reargument where grounds for reconsideration had not been overlooked). As a result, Defendant's request for reconsideration of this issue is denied.

### 3. Request for Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), Defendant requests that this Court certify its May 24 Opinion and Order for interlocutory appeal. This statute provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that *such order involves a controlling question of law as to which there is substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis added). Defendant argues that the conditions for such an action are met, and in the absence of an appeal, the claim construction issues would dispose of the infringement issues for two of the three patents-in-suit. They explain that "because the accused PerkinElmer products employ dichroic mirrors and lack internal illumination elements, the claim constructions presented herein would completely dispose of the infringement issues for two of the three patents-in-suit, avoiding a lengthy trial of the noninfringement, invalidity, and inequitable conduct issues on these patents." (Def. Br. at 19).

The Court finds that no certificate of appealability will issue because no "controlling question of law" exists "to which there is substantial ground for difference of opinion." Furthermore, Defendant cites to no decisions wherein the Federal Circuit accepted a claim construction ruling for interlocutory appeal. <u>See, e.g.</u>, <u>Flores v. Union Pacific R.R.</u>, 1996 WL 673316 at *1 (Fed. Cir. Nov. 14, 1996) (declining petition to appeal an interlocutory order involving claim construction and stating that "we determine that granting the petition is not in the interest of judicial efficiency.").

## **CONCLUSION**

For the reasons given above, the Court will grant Defendant's Motion for Reconsideration, in part, but will affirm its May 24, 2006 Opinion and Order. Furthermore, no certificate of appealability will issue because the Court finds that no "controlling question of law" exists "to which there is substantial ground for difference of opinion."

An appropriate order accompanies this letter.

Sincerely,


/s/ Jose L. Linares

Jose L. Linares
United States District Judge

8